419 A.2d 575

**COMMONWEALTH of Pennsylvania**

v.

**Silas BASKERVILLE, Appellant.**

Superior Court of Pennsylvania.

Submitted July 23, 1979.

Filed March 28, 1980.

Petition for Allowance of Appeal Denied Oct. 6, 1980.

514

Herbert L. Olivieri, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before MONTGOMERY, O'BRIEN and HONEYMAN, JJ.*

PER CURIAM:

On October 18, 1976, the body of Henry Hudson was discovered by two patrolmen lying on the sidewalk in front of appellant's home. Upon observing blood on the top step of the home, and after the arrival of their superior officer, they rang the door bell and appellant opened the door. When asked if he knew the person on the sidewalk he responded "Yes. I shot the man. He tried to rob me." The officers then entered appellant's home, placed him under arrest and advised him of his *Miranda* rights. Thereafter, they asked for the gun involved in the shooting, whereupon appellant led the officers to a second floor bedroom where he removed a 38 caliber Smith and Wesson revolver from under a pillow and handed it over. Prior to the discovery of

* Justice HENRY X. O'BRIEN of the Supreme Court of Pennsylvania, and Judge ROBERT W. HONEYMAN of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

the body, a friend visiting in appellant's home had heard a knock on the door, heard appellant's common law wife twice tell whomever was at the door to leave, then heard appellant tell the person to leave, following which she heard three shots fired. After removal to police headquarters, appellant made an inculpatory statement.

At the conclusion of a suppression hearing, the suppression judge ordered the statement taken at police headquarters suppressed based upon his finding that appellant did not knowingly, intelligently and voluntarily waive his rights, primarily by reason of appellant's limited ability to read and write; he refused suppression of the oral statement at the home, finding that it was a spontaneous utterance; and he refused to suppress the revolver based upon his conclusion that appellant had voluntarily consented to a search of his dwelling.

At the conclusion of a jury trial, appellant was found guilty of murder in the third degree. Following the refusal of post trial motions, a sentence of ten years to twenty years was imposed. From such judgment of sentence, this appeal was taken. Appellant contends that it was error for the suppression judge to conclude that appellant voluntarily waived his constitutional right not to permit a warrantless search of his dwelling. The second point on which he relies in his appeal is that it was error to admit the revolver from his dwelling into evidence.

In *Commonwealth v. Dressner*, 232 Pa.Super. 154, 336 A.2d 414 (1975), the Court said, 232 Pa.Super. at 157, 336 A.2d at 415:

". . . despite the fact that the voluntariness of a custodial consent is suspect, no one fact has talismanic significance, and voluntariness may be established by the Commonwealth if all the facts and circumstances indicate that the consent was voluntarily given . . . Furthermore, this Court is properly reluctant to examine the facts and circumstances *de novo* without giving due weight to the advantages the hearing court has had by observing the demeanor of the witnesses and the defendant . . ." (Emphasis included)

In *Commonwealth v. Griffin*, 232 Pa.Super. 163, 336 A.2d 419 (1975), the Court said, 232 Pa.Super. at 167, 336 A.2d at 421:

"The burden of proving a valid consent to search, since it represents a waiver of a substantial constitutional right, rests with the Commonwealth; and, the courts will indulge every reasonable presumption against such waiver.

. . . Furthermore, in order to be valid, such consents must be given in the absence of duress or coercion, express or implied; . . ."

However, in both of those cases, as well as in *Commonwealth v. Woods*, 240 Pa.Super. 72, 368 A.2d 304 (1976), the Superior Court in reviewing the hearing court's findings and conclusions on the bases of which suppression of the facts was refused, held that the lower court correctly concluded that accused's consents to the searches therein were voluntary and not the product of their arrests.

After a review in the instant case, we also so hold, after a factual comparison with those three cases. Factors that were found to be significant in those cases are also present here, viz.: (1) the suspect had been advised of his *Miranda* rights; (2) the suspect aided in the search; (3) the suspect readily surrendered the physical evidence; and (4) there was an absence of any duress or coercion by the police. Although the limitations of appellant's literacy, in the judgment of the suppression judge, were sufficient to cast a doubt on the voluntariness of his formal statement, he concluded that that did not have any direct bearing on his voluntary utterances nor on his verbal consent to the search of his dwelling. This certainly appears to have been a valid and cogent distinction for the suppression judge to have made. Therefore, we hold that the hearing court was correct in its conclusion that the Commonwealth had met its burden of proving the voluntariness of the custodial consent by appellant.

The other contention of appellant is also not well founded. The revolver which appellant surrendered to the police was properly admitted into evidence. Although it was established ballistically that it was not the murder weapon, it still was competent and relevant evidence. The jury could

well have concluded that appellant intentionally misled the police by giving them a weapon which was not, in fact, the murder weapon. The Commonwealth, in the presentation of its evidence, made it abundantly clear that this particular weapon could not possibly have been the murder weapon. We see no prejudice to the appellant flowing from the revolver's admission into evidence that would warrant the grant of a new trial.

Judgment of sentence affirmed.